INHABITANTS OF RAYNHAM *vs.* SARAH L. WILMARTH.

A judge of probate has no authority, under the Rev. Sts. *c.* 60, § 3, to assign dower to a widow in lands mortgaged by her husband.

A writ of entry to foreclose a mortgage may be maintained, and a conditional judgment rendered, against a widow who is in possession of mortgaged lands, assigned to her as dower by a judge of probate, though the judge had no authority to assign dower to her.

THIS was a writ of entry to foreclose a mortgage of land and buildings in Taunton. The action was commenced in the court of common pleas, and was submitted to that court upon the following statement of facts:

The mortgage deed declared on, dated December 8th 1840, was duly executed and acknowledged by Dan Wilmarth, and the condition thereof was broken before this action was instituted. The demanded premises are a part of the property conveyed to the demandants by said deed. The said Dan Wilmarth died in 1841, in possession of said mortgaged premises. Said Sarah L. Wilmarth, (the tenant,) at the time of the making of said mortgage, and before, was the wife of said Dan, and never released her claim to dower in said premises. The portion of said mortgaged premises, which is demanded in this suit, was assigned and set out to her as dower in the estate of said Dan, by the judge of probate for the county of Bristol, in the mode provided by the Rev. Sts. *c.* 60, § 3, and said assignment was accepted by said judge, on the 9th of June 1843, and was duly recorded; and the said Sarah L. has ever since occupied said premises, so set out to her as and for her dower.

On these facts, the court of common pleas rendered a judgment, from which an appeal was taken to this court.

*Pratt,* for the tenant.

*N. Morton,* for the demandants.

SHAW, C. J. This case is settled by authority. *Sheafe* v. *O'Neil,* 9 Mass. 9, was this very case of a mortgage made by the husband, in which the widow had not joined, and by which she was not bound. This rule is not altered, but, on the contrary, is confirmed and sanctioned by the Rev. Sts. *c.* 60, §§ 1 – 3. (See commissioners' report.) Sect. 3 provides that " when a widow is entitled to dower in lands of which *her husband died seized,* and her right to dower is not disputed by the heirs or devisees, it may be assigned to her, by the judge of probate for the county in which the estate of the husband is settled." The assignment of dower, by the judge of probate, in the present case, was void, as against

the mortgagees, it not being within the jurisdiction vested in him by statute. As against the mortgagees, the husband did not die seized of the premises. The power of the judge to assign dower is solely a statute power, and is not analogous to any proceeding of the probate court, as a court of ecclesiastical jurisdiction.

But the widow is not without remedy. Her husband having been seized during the coverture, and she not having released, she is entitled to her dower, against the mortgagees, by writ of dower. Rev. Sts. *c.* 60, §§ 1, 5, and *c.* 102.

As a general rule of law, it is held, that until assignment, a widow has a right, but no seizin. But, by statute, she may occupy lands in which she is entitled to dower, with the consent of the heirs, without having her dower assigned. Rev. Sts. *c.* 60, § 6. The court are therefore of opinion that the present tenant is not a mere stranger, but one entitled to hold, with the consent of the heirs. She holds under and in right of her husband, who was the mortgagor; and she may, at her election, have a conditional judgment, the effect of which will be, that if she complies with the condition, her possession will not be disturbed, and the rights of the demandants will be fully preserved. Rev. Sts. *c.* 107, §§ 3, 4.